1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAIL BARELA, an individual,<br>Plaintiff,<br><br>vs.<br><br>INSTANT BRANDS, INC.,<br>Defendant. | CASE NO. 2:20-cv-01518-RGK-(KSx)<br>**STIPULATED PROTECTIVE ORDER** |

      **Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order ("Stipulation") filed on September 15, 2020, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been modified by the Court's amendment of paragraphs 4(a), 9, 10, 13, and 14 of, and Exhibit A to, the Stipulation.**

\\
\\
\\
\\

## AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1.     **Good Cause Statement**.

This Order is being entered into by the Parties with respect to discovery material in this matter which includes medical records, trade secrets, and confidential, technical, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of Plaintiff, Defendant, and/or related entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential,  non-public manner, and there is good cause why it should not be part of the public record of this case.

2.     **Definitions and Designation of Protected Material**. The following definitions shall apply to this Order: "Protected Material(s)" means any document, including any document produced electronically, which bears the legend (or which shall otherwise have had the legend recorded upon it or upon the medium in which it is produced, in a way that brings its attention to a reasonable examiner)

---

[1]     The Court's additions to the agreed terms of the Protective Order are generally indicated in bold typeface, and the Court's deletions are indicated by lines through the text being deleted.

"CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to signify that it contains information subject to protection under Federal Rule of Civil Procedure 26(c). For purposes of this Order, the term "Documents" mean all written, recorded, electronically stored, or graphic material produced or created by a party or any other person, whether produced pursuant to the Federal Rules of Civil Procedure, subpoena, by agreement, or otherwise. Interrogatory responses, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection may be accorded status as Protected Material, but, to the extent feasible, shall be prepared in such a manner that Protected Materials are bound separately from those not entitled to protection.

3.    **Limitations on Use**. Protected Materials and their contents, as well as copies, summaries, notes, memoranda, and computer databases relating thereto, shall be used for the purpose of this action, shall be and remain confidential, and shall not be disclosed in any fashion, nor be used for any purpose other than the analysis and preparation for trial of this action. No other disclosure or use shall be made, except with the prior written consent of the party or other person originally designating a document as Protected Material, or as hereinafter provided under this order. Any other use is prohibited.

4.    **Access to Protected Material**. In this lawsuit, Protected Material may be disclosed to the parties; to the counsel of record for the parties who are actively engaged in the conduct of the litigation; to the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in the litigation; to persons with prior knowledge of the documents or the confidential information contained therein, and their agents; and to court officials involved in the litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the Court). Subject to the provisions of subparagraph

3(c), such documents may also be disclosed:

(a)     **to the Court and its personnel;** ~~to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;~~ and

(b)     to persons noticed for depositions or designated as trial witnesses in this action to the extent reasonably necessary in preparing to testify; and to outside consultants or experts retained in this action for the purpose of assisting counsel in the litigation; provided, however, that in all such cases, except as noted in paragraph 3(c) below, the individual to whom disclosure is to be made has signed a Written Undertaking, the form of which is attached hereto as Exhibit A.

(c)     Each outside consultant or expert retained for the purpose of assisting counsel in this litigation to whom disclosure is made pursuant to paragraph 3(b) above must sign a Written Undertaking, the form of which is attached hereto as Exhibit A. That Written Undertaking then must be returned to counsel to whom the disclosure was made, who shall retain any such Written Undertakings during the pendency of the litigation.

5.     **Jurisdiction of Court**. Each person given access to Protected Materials as set forth in Paragraph 3 above, including those executing the Written Undertaking, submits to the jurisdiction of this Court for the purposes of enforcement of this Order, either prior to or following the completion of this action. Jurisdiction of this action is to be retained by this Court after final determination for purposes of enabling any party or persons affected by this Order to apply to the Court at any time for such direction or further decree as may be appropriate for the construction or enforcement of this Order or for such additional relief as may become appropriate.

6.     **Third Parties**. Third parties or non-parties producing information or documents in the course of this action may also designate information or documents as "Confidential," subject to the same protections and constraints as the parties to the action. All information or documents produced by such third parties shall be

1    treated as "Confidential" for a period of 14 days from the date of their production,

2    and during that period any party may designate such documents as "Confidential"

3    pursuant to the terms of the Protective Order.

4         7.      **Filing Protected Material**. A party seeking to file Protected Material

5    with the Court under seal must comply with the requirements of the Court's local

6    rules, including Local Rule 79-5.

7         8.      **Depositions**. Persons with knowledge may be deposed regarding

8    Protected Material or the subject matter thereof. Only the parties and persons

9    described in paragraph 3, including the court reporter and the witness, shall be

10    present at such depositions. Either party may designate some or all of the transcripts

11    of said depositions as Confidential in accordance with this Order.

12         9.      **Use at Trial**. If, at the time of trial, counsel for any of the parties

13    attempts to introduce into evidence or use in cross-examination any Protected

14    Material, whether as part of a document or deposition testimony, counsel for either

15    party may request the Court to preserve the confidentiality of that Protected Material

16    ~~as the Court deems appropriate. All documents produced by either party and~~

17    ~~designated as Protected Material are deemed authenticated for purposes of Federal~~

18    ~~Rule of Evidence 901 and records of a regularly conducted activity for purposes of~~

19    ~~Federal Rule of Evidence 803(6).~~

20         10.      **Challenging Confidentiality Designations**. In the event that another

21    party disagrees with a party's designation of any document or information as

22    confidential, the objecting party shall advise counsel for the designating party, in

23    writing, of the objection and identify the document or item with sufficient

24    specificity to permit identification. Within 10 days of receiving the objection, the

25    designating party shall advise the objecting party's counsel whether the designating

26    party will change the designation of the document or item. If this cannot be resolved

27    between the parties, **the objecting party shall initiate the dispute resolution**

28    **process under Local Rule 37.1, et seq. and consistent with the Court's pre-**

1 **motion discovery procedures.** ~~then the dispute will be presented to the Court by~~
2 ~~motion or otherwise.~~ During the pendency of any such **dispute resolution process**
3 **and related** motion, the designated document or item shall continue to be treated as
4 a Protected Material and subject to the provisions of this Order.  **The Designating**
5 **Party shall bear the burdens and the expenses of seeking protection in that**
6 **court of its confidential material**. ~~On the hearing of any such motion, the burden~~
7 ~~shall be on the designating party to establish that the designated document or item~~
8 ~~should be deemed confidential.~~

9      11.    **Inadvertent Disclosure of Protected Material**. If a producing party
10 inadvertently or unintentionally produces to a receiving party any document or
11 information without marking it as Protected Material pursuant to Paragraph 1, the
12 producing party shall, within 30 days of the discovery of the inadvertent production,
13 give notice to the receiving party in writing and thereafter the receiving party shall
14 treat the document as Protected Material. Such inadvertent or unintentional
15 disclosure shall not be deemed a waiver in whole or in part of the producing party's
16 claim of restriction either as to specific documents and information disclosed or on
17 the same or related subject matter.

18      If either party learns that it has disclosed Protected Material to any person or
19 in any circumstance not authorized under this Order, that party must within 10 days:
20 (a) notify in writing the designating or producing party of the unauthorized
21 disclosure(s); (b) use its best efforts to retrieve all unauthorized copies of the
22 Protected Material; (c) provide the person or persons to whom unauthorized
23 disclosures were made with a copy of this Order, and (d) request such person or
24 persons to execute the Written Undertaking attached hereto as Exhibit A.

25      12.    **Inadvertent Disclosure of Privileged Material**. All inadvertent
26 disclosures of information or Documents that are privileged or otherwise immune
27 from discovery shall be subject to the requirements and procedures detailed in
28 Federal Rule of Evidence 502(b) and Federal Rule of Civil Procedure 26(b)(5)(B).

The receiving party shall return such inadvertently produced Documents, including all copies, within 10 calendar days of receiving a written request. The party returning such inadvertently produced Documents may thereafter seek reproduction of any such Documents pursuant to applicable law.

13. **Other Proceedings**. If another court or an administrative agency subpoenas or orders production of Protected Material which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the document as confidential of such subpoena, order, or other legal process. **Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.**

14. **Survival and Obligations upon Termination**. The obligations imposed by the Protective Order shall survive termination of this action. Upon written request of a producing party made after final conclusion of all aspects of this litigation, Protected Material and all copies of same (other than exhibits of record) shall either be destroyed or returned to the producing party within 30 days. In the event that Protected Materials are produced in electronic form, or are put into electronic form by the receiving party, then the receiving party shall delete all electronic copies of Protected Material from all computer systems, disks, and other electronic medium and devices. All counsel of record shall certify compliance herewith and shall deliver the same to counsel for the party who produced the documents not more than 30 days after receiving the producing party's written request made after final termination of this litigation. ~~The Clerk may return to counsel or destroy any Protected Materials in its possession.~~ Notwithstanding the above, counsel of record may retain a set of pleadings, exhibits, and their own attorney and consultant work product for archival purposes, including portions of any such papers that contain or discuss Protected Materials; and expert witnesses may similarly retain copies of their reports for archival purposes.

7

15.     **No Waiver**. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position or objection as to discoverability, relevance, or admissibility of evidence.

16.     **Further Modification**. Any party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

For good cause shown, IT IS SO ORDERED.

DATED:  September 17, 2020

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

**<u>EXHIBIT A</u>**

1.    I acknowledge that I am about to receive confidential information supplied by Plaintiff and/or Defendant.

2.    I have read the Protective Order governing the restricted use of confidential information in this litigation, ***Barela v. Instant Brands*, 2:20-cv-01518-RGK-(KSx)**, a copy of which order has been provided to me. I understand the Protective Order and agree to abide by it.

3.    I will not utilize any Protected Material or other information subject to the Protective Order for any purpose other than this litigation. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

4.    I understand unauthorized disclosures of Protected Material or their substance constitute contempt of court.

5.    At the termination of this litigation, I will return or destroy all documents marked "CONFIDENTIAL" or "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" as well as any copies, summaries or abstracts of them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

6.    I submit to the jurisdiction of the United States District Court for the Central District of California, as necessary to enforce the provisions of the Protective Order.

Dated:_____          _____
                                     Signature
                                     _____
                                     Printed Name
                                     _____
                                     Address
                                     _____
                                     City, State, Zip
                                     _____
                                     Telephone Number

9

STIPULATED PROTECTIVE ORDER